# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHALEE BALIUS-DONOVAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEHNAMIRI AND ASSOCIATES, LLC, )<br>d/b/a THE PLACE, A Georgia )<br>Corporation, MAHMOUD BEHNAMIRI,)<br>HASSAN NEGAHDAR, BEHNAMIRI )<br>AND NEGAHDAR LLC, d/b/a THE )<br>PLACE BAR AND GRILL, A Georgia )<br>Corporation and B & N PARTNERS, )<br>LLC, d/b/a THE PLACE TAVERN, A )<br>Georgia Corporation, )<br>)<br>Defendants. )<br>) | CIVIL ACTION FILE<br><br>NO. <u>1:19-cv-02703-CAP-CMS</u><br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

COMES NOW SHALEE BALIUS-DONOVAN by and through her counsel of record and files her First Amended Complaint against Defendants, BEHNAMIRI AND ASSOCIATES, LLC, d/b/a THE PLACE, A Georgia Corporation, MAHMOUD BEHNAMIRI, HASSAN NEGAHDAR, BEHNAMIRI AND NEGAHDAR LLC, d/b/a THE PLACE BAR AND GRILL, A Georgia

1

Corporation and B & N PARTNERS, LLC d/b/a THE PLACE TAVERN, A Georgia Corporation, and shows as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Shalee Balius-Donovan brings these claims against her former employer and its ownership due to a long-standing and pervasive pattern of sexual harassment in the workplace. Plaintiff asserts claims under Title VII for damages caused by Mr. Behnamiri's acts over a course of many years including sexual assault, battery and maintenance of a hostile environment in the workplace. Plaintiff's former employer manipulated Plaintiff into accepting assistance with a home purchase solely for the purpose of creating a degree of control over Plaintiff which would force her to acquiesce to Mr. Behnamiri's illegal behavior.

2. Plaintiff is a resident of Cherokee County, Georgia, within the Northern District of Georgia.

3. Defendant Behnamiri and Associates, LLC d/b/a The Place, is a Georgia corporation with a principal office located at 700 Sandy Plains Road, Suite A-1, Marietta, Georgia 30066. Behnamiri and Associates is subject to service through its Registered Agent, Mahmoud B. Behnamiri, 4598 A Stonegate Industrial Blvd, Stone Mountain, Georgia 30083.

4. Mahmoud Behnamiri was and is a manager and owner of three restaurants d/b/a "The Place" managed by the three Corporate Defendants. He resides within the District and is subject to service at his residence, 9350 River Club Parkway, Duluth, Georgia 30097.

5. Defendant Hassan Negahdar is also an owner and manager of three restaurants d/b/a "The Place" managed by the three Corporate Defendants. He resides within the District and is subject to service at his residence, 1855 Naz Trace, Marietta, Georgia 30066.

6. Defendant Behnamiri and Negahdar LLC dba The Place Bar and Grill is a Georgia corporation located at 1105 Parkside Lane, Suite 1102, Woodstock, GA 30189. Behnamiri and Negahdar, LLC is subject to service through its Registered Agent, Hassan Negahdar, 1571 Oakdale Road, Canton, GA 30144.

7. Defendant B & N Partners, LLC dba The Place Tavern is a Georgia corporation with principal office located at 700 Sandy Plains Road, Suite A-1, Marietta, GA, 30066. B& N Partners may be served through its registered agent, Albert Johnson, 137 Johnson Ferry Road, Suite 2160, Marietta, GA, 30068.

8. Jurisdiction is invoked pursuant to 28 USC § 1331 as the claims herein present a federal question. This court has supplemental jurisdiction over these related state law claims under 28 USC § 1367.

9. Venue is proper in this Court under 28 USC § 1391 because Defendants conduct business and reside in this District and the unlawful actions and practices set forth herein were committed within the Northern District of Georgia.

10. Plaintiff timely filed a Charge of Discrimination on February 1, 2019 asserting claims for gender discrimination and retaliation in violation of Title VII.

11. This action is timely brought within ninety (90) days of Plaintiff's receipt of a Notice of Right to Sue from the EEOC.

12. All administrative requirements and conditions precedent to maintenance of this action have been satisfied.

## STATEMENT OF FACTS

13. Defendants Behnamiri & Associates, LLC, Behnamiri & Negahdar, LLC and B & N Partners, LLC (the "Corporate Defendants") are a single or joint employer under Title VII.

14. These corporations have integrated operations in that they share, among other things, common ownership, management, administrative functions, trade name and employees.

15. During her employment with Defendants, Ms. Balius-Donovan worked at each of the three restaurants, located in Marietta, Woodstock and Hiram respectively, at various times.

16. Plaintiff began her employment at The Place Marietta location in or around 2003. In the course of her employment over the next sixteen (16) years, she held multiple management functions and was a loyal and dependable employee in all respects.

17. In or about 2004, while Ms. Balius-Donovan was in the middle of a divorce, Mr. Behnamiri offered to assist her in purchasing a residence, an idea that he initiated. Mr. Behnamiri insisted that the property be titled solely in his name, but he repeatedly asserted to Plaintiff and others involved in the transaction that he intended for the home to be owned by Ms. Balius-Donovan.

18. Mr. Behnamiri's purpose in assisting Mr. Balius-Donovan in this matter was in order to gain additional control over her circumstances so that she would be forced to acquiesce to his constant and repeated sexual advances, propositions, kissing, touching, and similar actions.

19. Soon after this property transaction, Behnamiri began attempting to visit the home when he knew Ms. Balius-Donovan would be alone, apparently on

the assumption that he could pressure her into sexual activity. Ms. Balius-Donovan resisted these advances.

20. In the workplace, however, Mr. Behnamiri used his plenary authority in subjecting Plaintiff to a pattern of sexual harassment over a course of many years.

21. Mr. Behnamiri regularly and repeatedly kissed, hugged, touched and made sexual advances toward Plaintiff in the workplace. He engaged in similar behavior with other female employees as well. His conduct was open and apparent and was well-known to restaurant customers, staff, as well as Mr. Negahdar.

22. As restaurant manager, Mr. Negahdar had authority to remove patrons who engaged in improper conduct, including sexually harassing conduct. The Place Marietta location employed "bouncers" at all relevant times for the purpose of protecting the premises, including removing patrons when necessary.

23. At least once or twice a year, Mr. Negahdar arranged to have patrons who had touched, propositioned or sexually harassed employees, removed from the restaurant. On other occasions, Mr. Negahdar ignored female employees' complaints about patrons engaging in sexual harassment, taking no action, or even buying the patron a drink.

24. Mr. Behnamiri regularly insisted that Plaintiff spend time with him alone. On virtually a weekly basis, it was his practice to arrive at the restaurant late on a Friday or Saturday evening and require that Plaintiff sit with him outside the restaurant out of view of the staff for hours at a time. Staff were warned that they were not to attempt to contact Ms. Balius-Donovan or interrupt these visits.

25. On one occasion in or around 2017, Mr. Behnamiri sexually assaulted Ms. Balius-Donovan in his automobile.

26. Mr. Negahdar was well aware of Mr. Behnamiri's sexual harassment of Plaintiff. He frequently saw Mr. Behnamiri kiss Ms. Donovan. He also knew that Mr. Behnamiri required Ms. Donovan to leave her duty station behind the bar on busy weekend nights, which disrupted the operations of the restaurant.

27. In addition to being business partners, at all relevant times Mr. Negahdar and Mr. Behnamiri have been close personal friends.

28. Like Mr. Behnamiri, Mr. Negahdar engaged in regular and frequent sexual harassment of female employees. Multiple female employees quit their jobs at the three restaurants over the years because of the pervasive sexual harassment by both owners.

29. Both Mr. Behnamiri and Mr. Negahdar engaged in sexual harassment on regular basis. Since these owners were the best of friends, each knew the other would not object to this type of conduct or take action to prevent it.

30. In late 2018, Plaintiff was able to obtain new employment which she was scheduled to begin in January 2019. Recognizing her importance to the operation of the restaurant, she graciously provided advance notice to Defendants Behnamiri and Negahdar in order to afford them adequate time to attempt to locate a replacement.

31. Once Defendants were aware that Plaintiff was determined to leave their employment, they immediately began limiting her work schedule in order to deprive her of income.

32. Shortly thereafter, Behnamiri began the process of attempting to evict Plaintiff from the long-term residence they had purchased together, contrary to his promises and representations regarding her ownership of the property.

33. Defendants' actions have resulted in damages to Plaintiff including lost wages and benefits, emotional distress damages, and other damages which will be shown at trial.

## COUNT I – SEXUAL HARASSMENT UNDER TITLE VII

34. The allegations set forth in paragraphs 1-33 above are incorporated by reference as though fully set forth herein.

35. Throughout her employment, Plaintiff was subjected to a hostile environment based upon gender. The owner, Defendant Behnamiri, regularly engaged in kissing, touching, sexual overtures, and similar conduct against Plaintiff and other female staff.

36. These actions by Behnamiri were severe and pervasive, and created an atmosphere of humiliation, fear, and intimidation in the workplace.

37. These actions were both subjectively and objectively offensive.

38. Defendant Behnamiri's sexual harassment of Plaintiff was unwelcome, and resulted in emotional and mental distress for which damages will be sought at trial.

## COUNT II—RETALIATION UNDER TITLE VII

39. The allegations set forth in paragraphs 1-33 above are incorporated by reference as though fully set forth herein.

40. Plaintiff engaged in protected activity under Title VII by filing the instant lawsuit.

41. In response, Behnamiri took adverse action against Plaintiff within the meaning of Title VII.

42. The filing of this lawsuit was the factual and proximate cause of Behnamiri's adverse action.

43. Behnamiri retaliated against Plaintiff by filing a frivolous and baseless counterclaim, which has no legal basis, and is intended solely as a punitive measure against Plaintiff.

44. Plaintiff is entitled to damages from Defendants resulting from Behnamiri's retaliation including compensatory and punitive damages, attorney's fees and costs.

## **COUNT III – BATTERY**

45. The allegations set forth in paragraphs 1-33 above are incorporated by reference as though fully set forth herein.

46. On one or more occasions, Defendant Behnamiri engaged in battery and sexual battery by touching and/or groping Plaintiff without her consent.

47. Defendant Behnamiri regularly kissed, touched, and initiated other physical contact with Plaintiff without her consent while she was under his authority in the workplace.

48. Defendant Behnamiri's battery of Plaintiff resulted in damages to be shown at trial.

## **COUNT IV – NEGLIGENT SUPERVISION AND RETENTION**

49. The allegations set forth in paragraphs 1-33 above are incorporated by reference as though fully set forth herein.

50. As owners and managers with plenary authority over the workplace, Behnamiri & Associates, Behnamiri and Negahdar and B& N Partners, as well as the individual Defendants Behnamiri and Negahdar, had a duty to reasonably protect their employees.

51. Defendants failed to act responsibly in taking any action to prohibit or prevent the sexual harassment of Plaintiff in the workplace, which was ongoing, open and obvious.

52. Defendant Negahdar approved and ratified Behnamiri's abusive conduct, which he frequently witnessed.

53. Plaintiff suffered damages as a result of the negligent supervision and retention of Behnamiri in an amount to be shown at trial.

## COUNT V – FRAUD

54. The allegations set forth in paragraphs 1-33 above are incorporated by reference as though fully set forth herein.

55. Defendant Behnamiri defrauded Plaintiff by repeatedly making misrepresentations of fact with regard to his intention and/or the effect of the joint purchase of Plaintiff's residence.

56. At the time of the property transaction, Defendant Behnamiri repeatedly stated to Plaintiff and others his intention that the property was to belong to her, that she was entitled to use and possess same, and that he would not take action to interfere with her use and possession of the premises. Plaintiff reasonably believed that Behnamiri intended to honor this commitment until he took steps to evict her from the home.

57. Plaintiff relied upon Defendant Behnamiri's misrepresentations, making payments for the property at the time of the purchase and regularly over the next number of years, as well as by maintaining, renovating, and repairing the premises.

58. Plaintiff asks that the Court use its equitable authority to have legal title properly vested in her name.

## COUNT VI – EQUITABLE ESTOPPEL

59. The allegations set forth in paragraphs 1-33 above are incorporated by reference as though fully set forth herein.

60. In the alternative to Count V above, Plaintiff invokes the theory of Equitable Estoppel.

61. Defendant Behnamiri repeatedly made misrepresentations of fact with regard to his intention and/or the effect of the joint purchase of Plaintiff's residence.

62. At the time of the property transaction, Defendant Behnamiri repeatedly stated to Plaintiff and others his intention that the property was to belong to her, that she was entitled to use and possess same, and that he would not take action to interfere with her use and possession of the premises. Plaintiff reasonably believed that Behnamiri intended to honor this commitment until he took steps to evict her from the home.

63. Plaintiff relied upon Defendant Behnamiri's misrepresentations, making payments for the property at the time of the purchase and regularly over the next number of years, as well as by maintaining, renovating, and repairing the premises.

64. Plaintiff seeks to have a constructive trust imposed under O.C.G.A. § 53-12-93 and to have legal title properly vested in her name.

65. Plaintiff requests that the Court require reformation of the legal title of the real property in accordance with its equitable powers.

## COUNT VII – PUNITIVE DAMAGES

66. The allegations set forth in paragraphs 1-33 above are incorporated by reference as though fully set forth herein.

67. The actions of Defendants, and each of them, were malicious, wanton, oppressive and willful, and demonstrate a conscious disregard for the consequences of their actions such that an award of punitive damages should be awarded in this matter.

WHEREFORE, Plaintiff respectfully requests that the Court order as follows:

1. That Plaintiff be provided a trial by jury;

2. That the Court award back pay, compensatory and punitive damages, attorney's fees, costs and expenses, as well as declaratory and injunctive relief against the Defendants for violations of Title VII;

3. That the Court award compensatory and punitive damages against Defendant Behnamiri for battery and sexual battery;

4. That the Court award compensatory and punitive damages against all Defendants for negligent retention and supervision;

5. That the Court exercise its equitable authority to reform and transfer legal title to the real property based upon fraud or equitable estoppel; and

6. That the Court award such other relief as it deems appropriate.

Respectfully submitted this 27th day of September, 2019.

/s/ E. Linwood Gunn, IV
E. Linwood Gunn, IV
Georgia State Bar Number 315265
Attorney for Plaintiff

Roach, Caudill & Gunn, LLP
111 West Main Street
Canton, Georgia 30114
Phone:     (770) 479-1406
Facsimile: (770) 479-6171
lgunn@rcglawyers.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHALEE BALIUS-DONOVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. **1:19-cv-02703-CAP-CMS** |
| BEHNAMIRI AND ASSOCIATES, LLC, ) | |
| d/b/a THE PLACE, A Georgia ) | |
| Corporation, MAHMOUD BEHNAMIRI, ) | JURY TRIAL DEMANDED |
| HASSAN NEGAHDAR, BEHNAMIRI ) | |
| AND NEGAHDAR LLC, d/b/a THE ) | |
| PLACE BAR AND GRILL, A Georgia ) | |
| Corporation and B & N PARTNERS, ) | |
| LLC, d/b/a THE PLACE TAVERN, A ) | |
| Georgia Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 27th day of September, 2019.

*(SIGNATURE ON NEXT PAGE)*

/s/ *E. Linwood Gunn, IV*
E. Linwood Gunn, IV
Georgia State Bar Number 315265
Attorney for Plaintiff


ROACH, CAUDILL & GUNN, LLP
111 West Main Street
Canton, Georgia 30114
Phone:      (770) 479-1406
Facsimile:  (770) 479-6171
lgunn@rcglawyers.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHALEE BALIUS-DONOVAN, )<br> )<br> Plaintiff, )<br> )<br> ) <br>v. )<br> )<br> )<br>BEHNAMIRI AND ASSOCIATES, LLC, )<br>d/b/a THE PLACE, A Georgia )<br>Corporation, MAHMOUD BEHNAMIRI,)<br>HASSAN NEGAHDAR, BEHNAMIRI )<br>AND NEGAHDAR LLC, d/b/a THE )<br>PLACE BAR AND GRILL, A Georgia )<br>Corporation and B & N PARTNERS, )<br>LLC, d/b/a THE PLACE TAVERN, A )<br>Georgia Corporation, )<br> )<br> )<br>    Defendants. )<br>_____ ) | **CIVIL ACTION FILE**<br><br>**NO. 1:19-cv-02703-CAP-CMS**<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September 2019, I electronically filed the *Motion for Leave to File First Amended Complaint* with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Archie L. Speights – archie@speightslaw.com
Amanda R. Speights – amanda@speightslaw.com
David L. Pardue – dpardue@og-law.com
J. Daran Burns - dburns@burnslawgroup.com

　　　　　　　　　　　　　　　　s/ *E. Linwood Gunn, IV*
　　　　　　　　　　　　　　　　E. Linwood Gunn, IV
　　　　　　　　　　　　　　　　Georgia State Bar No. 315265


ROACH, CAUDILL & GUNN, LLP
111 West Main Street
P.O. Box 677
Canton, Georgia 30114-0677
Phone: 770-479-1406
Fax: 　　770-479-6171