# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHALEE BALIUS-DONOVAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEHNAMIRI AND ASSOCIATES, )<br>LLC, d/b/a THE PLACE, A )<br>Georgia Corporation, MAHMOUD )<br>BEHNAMIRI, HASSAN )<br>NEGAHDAR, BEHNAMIRI AND )<br>NEGAHDAR LLC, d/b/a THE )<br>PLACE BAR AND GRILL, A )<br>Georgia Corporation, and B & N )<br>PARTNERS, LLC, d/b/a THE )<br>PLACE TAVERN, A Georgia )<br>Corporation, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION FILE<br><br>NO. **1:19-CV-02703-CAP-CMS** |

## DEFENDANTS BEHNAMIRI AND ASSOCIATES, LLC, BEHNAMIRI AND NEGAHDAR, LLC, AND B & N PARTNERS, REPLY TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

**COMES NOW**, Corporate Defendants, Behnamiri and Associates, LLC,

Behnamiri and Negahdar, LLC, and B & N Partners, LLC (Hereinafter "Corporate

Defendants"), Defendants in the above-styled action, and files this Response Brief

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **1**

in Opposition of Plaintiff's Partial Motion for Summary Judgment, showing the Court as follows:

## INTRODUCTION

Plaintiff's objections to the Report and Recommendation fail to properly and accurately portray the record as considered by Judge Salinas. To the contrary, the record is devoid of any evidence that the harassment Plaintiff claims of occurred as frequently and persistently as she now claims in her objection. In the through and detailed report and recommendation, Judge Salinas properly found that Plaintiff failed to meet her burden to establish that the EEOC claim was timely filed and as such, the Corporate Defendants are entitled to judgment as a matter of law.

I. <u>Judge Salinas properly found that Plaintiff failed to meet her burden to establish that the EEOC claim was properly filed.</u>

A. *Plaintiff misrepresents the evidence in the record in an effort to avoid summary judgment against her.*

Contrary to Plaintiff's assertion, and as specifically found by Judge Salinas, "the undisputed evidence…does not support the "almost every day" assertion in the [Plaintiff's] EEOC charge." First, the undisputed evidence is that Mr. Behnamiri was not at the restaurant "almost every day". To the contrary, he only

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **2**

came in on some weekends. Ms. Balius-Donovan stated, "he came in sporadically". (Doc. 143-2; Pl. Depo. at 34).

Plaintiff's bare assertion that "there is no record evidence suggesting there was <u>ever</u> a gap of more than a couple of weeks between these visits, much less a six-week period" is blatantly wrong. Ms. Balius-Donovan herself stated,

Q:   What shift did you primarily work?

A.   Throughout the years they changed a – a little bit.  But I generally worked Wednesday night and/or Thursday night, and I worked every Friday and Saturday night.

Q.   Okay.  So when you started working at the -- I'm sorry, go ahead.

A.   Until I -- until I got sick, and then I was working some days as well.  So it would just vary.

Q.   Okay.

A.   And towards -- towards the end I was working only days.

Q.   I'm sorry, you cut out a little bit there. When were you working on weekdays?

A.   Toward the end of my employment I was working more days than nights -- or I was working -- I'm sorry, I take that back.  I was working two or three days during the day and Saturday nights because I was still the busiest -- busiest night.

Q.   So when did that start that you would work two or three days and then Saturday nights?

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **3**

A.   Maybe somewhere in 2016, but I was still working Saturday nights for a long time**. It was probably only the last seven, eight months I was there that I was there during the day only -- or I would pick up at night if need be.**

(Doc. 143-2; Pl. Depo. at 200-201). Judge Salinas was correct and applied the correct summary judgment standard. Even assuming, arguendo, however, that the standard was incorrect, Plaintiff still can not meet her burden under any standard. Plaintiff produced no evidence to demonstrate that any harassing conduct occurred after August 5, 2018. Therefore, no genuine issue of material fact exists and summary judgment in favor of Corporate Defendants is warranted.

   B.  *Defendants did not waive the timeliness issue.*

Plaintiff's claim that Defendants waived the timeliness issues is not supported by the record, as the Defendants asserted affirmative defenses which directly raised the issue. Furthermore, Plaintiff failed to assert the waiver issue in response to Corporate Defendant's Motion for Summary Judgment and is raising this issue for the first time in her Objections and Recommendations. [Doc. 155] See *Patrick v. Warden*, 828 F. App'x 518 (11th Cir. 2020) (court has discretion to refuse to consider timeliness argument raised for the first time in an Objection to a Report and Recommendation).

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **4**

The case cited by the Plaintiff directly contradicts her argument on the timeliness issue. Further, as pointed out in the R & R, Plaintiff's charge with the EEOC was vague and failed to include any specific dates or specific allegations to demonstrate the timeliness of her filing.

In *Meyers*, the court noted that where the substance of the pleadings, including asserts of affirmative defenses, can place a Plaintiff on notice of Defendant's intention to assert the issue of timeliness and shift the burden to Plaintiff to produce evidence that the claims were in fact timely filed. *Myers v. Cent. Fla. Invs., Inc.,* 592 F.3d 1201 (11th Cir. 2010). Much like the Defendant in *Meyers*, here, Corporate Defendants Fourth Defense and Seventh Defense asserted that Plaintiff's claims were untimely. [Doc 7, 50, 58, 60]. The fact that she did not object or raise an issue of timeliness in her response to Summary Judgment or at oral argument when the court made clear it wanted to consider any arguments Plaintiff had on the issue demonstrates she was on notice of the issue.

Therefore, Defendants have not waive the timeliness issue and the Court should adopt the report and recommendation of Judge Salinas.

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **5**

## CONCLUSION

The Final Report and Recommendation of Judge Salinas contained a thorough and detailed analysis of the issues raised on Summary Judgment. Because the Magistrate Judge correctly concluded that Corporate Defendants are entitled to judgment as a matter of law. Therefore, Corporate Defendants respectfully request that the court adopt and R & R's recommendation to grant Corporate Defendant's Motion for Judgment and dismiss the Complaint with Prejudice.

Respectfully submitted this the 13th day of August, 2021.

    /s/ Archie L. Speights
Archie L. Speights, Esq.
Georgia State Bar No. 670899

/s/ Amanda G. Speights
Amanda G. Speights, Esq.
Georgia State Bar No. 117039
Attorney for *Defendant*

360 W. Main St.
Canton, GA  30114
770-479-1500

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **6**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHALEE BALIUS-DONOVAN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO. 1:19-CV-02703-CAP-CMS |
| ) | |
| BEHNAMIRI AND ASSOCIATES, ) | |
| LLC, d/b/a THE PLACE, A Georgia ) | |
| Corporation, MAHMOUD ) | |
| BEHNAMIRI, HASSAN ) | |
| NEGAHDAR, BEHNAMIRI AND ) | |
| NEGAHDAR LLC, d/b/a THE ) | |
| PLACE BAR AND GRILL, A ) | |
| Georgia Corporation and B & N ) | |
| PARTNERS, LLC, d/b/a THE PLACE ) | |
| TAVERN, A Georgia Corporation, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATION UNDER L.R. 7.1D**

Pursuant to the Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Behnamiri and Associates, LLC, B & N Partners, LLC and Behnamiri and Negahdar, LLC, Defendants in the above-styled action, hereby certifies that the above and foregoing pleading is a computer- generated document

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **1**

prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this this the 13th day of August, 2021.

/s/ Amanda Speights
ARCHIE S. SPEIGHTS
Georgia Bar No. 670899
AMANGA G. SPEIGHTS
Georgia Bar No. 117039
Attorneys for Defendant
Behnamiri and Associates, LLC

SPEIGHTS LAW, P.C.
360 W. Main Street
Canton, Georgia  30114
770/479-1500 (phone)
770/479-1505 (fax)
archie@speightslaw.com
amanda@speightslaw.com

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHALEE BALIUS-DONOVAN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO. 1:19-CV-02703-CAP-CMS |
| ) | |
| BEHNAMIRI AND ASSOCIATES, ) | |
| LLC, d/b/a THE PLACE, A Georgia ) | |
| Corporation, MAHMOUD ) | |
| BEHNAMIRI, HASSAN ) | |
| NEGAHDAR, BEHNAMIRI AND ) | |
| NEGAHDAR LLC, d/b/a THE ) | |
| PLACE BAR AND GRILL, A ) | |
| Georgia Corporation and B & N ) | |
| PARTNERS, LLC, d/b/a THE PLACE ) | |
| TAVERN, A Georgia Corporation, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

This hereby certifies that I have electronically filed the foregoing *Defendants Behnamiri and Associates, LLC, Behnamiri and Negahdar, and B & N Partners, LLC's Reply to Plaintiff's Objections* which will automatically send email notification of such filing to the following counsel of record.

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **3**

E. Linwood Gunn, IV, Esq.
111 West Main Street
Canton, GA 30114
Attorney for Plaintiff Shalee Balius-Donovan

J. Daran Burns, Esq.
Burns Law Group
181 East Main Street
Canton, GA 30114
Attorney for Defendant Mahmound Behnamiri

David L. Pardue, Esq.
Parker Poe
1180 Peachtree Street, N.E., Suite 3300
Atlanta, GA  30309
Attorney for Defendant Hassan Negahdar

Respectfully submitted this the 13th day of August, 2021.

/s/ Amanda Speights
ARCHIE S. SPEIGHTS
Georgia Bar No. 670899
AMANGA G. SPEIGHTS
Georgia Bar No. 117039
Attorneys for Defendant
Behnamiri and Associates, LLC

SPEIGHTS LAW, P.C.
360 W. Main Street
Canton, Georgia  30114
770/479-1500
amanda@speightslaw.com

*Shalee Balius-Donovan v. Behnamiri and Behnamiri & Associates, LLC, et. al.*
Defendants Behnamiri & Assoc, et al., Reply to Plaintiff's Objections
Page **4**