# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHALEE BALIUS-DONOVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. **1:19-cv-02703-CAP-CMS** |
| BEHNAMIRI AND ASSOCIATES, LLC, ) | |
| d/b/a THE PLACE, A Georgia ) | |
| Corporation, MAHMOUD BEHNAMIRI, ) | JURY TRIAL DEMANDED |
| HASSAN NEGAHDAR, BEHNAMIRI ) | |
| AND NEGAHDAR LLC, d/b/a THE ) | |
| PLACE BAR AND GRILL, A Georgia ) | |
| Corporation and B & N PARTNERS, ) | |
| LLC, d/b/a THE PLACE TAVERN, A ) | |
| Georgia Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT THEREOF

COMES NOW, Plaintiff Shalee Balius-Donovan, and pursuant to this Court's Order to Show Cause entered Jan. 10, 2022, files her Motion For Sanctions and Brief in Support Thereof, and shows as follows:

## SUMMARY OF ARGUMENT

The parties in this case conducted a mediation and reached a written settlement in the form of a Memorandum of Understanding ("Memorandum") executed by all parties on Dec. 1, 2021. Despite the deadline for finalizing settlement, Defendants refused to cooperate in the preparation of a formal document until a Show Cause Order was entered. Over the course of several weeks, Plaintiff's emails to defense counsel urging completion of the document have simply been ignored. Defendants neither objected to Plaintiff's proposed agreement nor suggested alternative terms.

The Court should award sanctions including attorneys' fees incurred by Plaintiff in preparing this Motion against Behnamiri & Associates, LLC, Behnamiri & Neghadar LLC, and B&N Partners LLC (hereinafter "the corporate Defendants") and their counsel. The unprofessional and inappropriate actions of Amanda Speights, counsel for the Corporate Defendants, have created unnecessary effort and expense for Plaintiff's counsel, as well as wasting this Court's time and resources.

## **STATEMENT OF FACTS**

All parties conducted a lengthy in-person mediation at Miles Mediation on December 1, 2021. The mediation resulted in the Memorandum referenced above, an agreement to release certain claims in this litigation, and to dismiss other claims without prejudice. Under the Memorandum, the initial payment by Defendants was due 10 days after execution of the final agreement.

Two weeks later, on Dec. 13, 2021, Plaintiff's counsel sent an email to all defense counsel inquiring when the draft settlement agreement would be forthcoming. Corporate counsel Amanda Speights responded to this email, promising the agreement "in a few days."

On Dec. 16, 2021 Ms. Speights finally forwarded a proposed agreement. Plaintiff's counsel responded with a revised agreement the same day stating, "Please let me know if you have questions or concerns." No response was received.

A week later, on Dec. 22, 2021, Plaintiff's counsel again requested some defense response. Plaintiff's counsel sent an email to Ms. Gaddis stating:

> "Did you have a chance to review the revised agreement I sent over last week? Can we go ahead and put in final form? Please advise. Thanks."

Corporate defense counsel again failed to make any response whatsoever.

On Dec. 28, 2021, Plaintiff's counsel sent an executed copy of Plaintiff's proposed agreement to all defense counsel. Defendants never objected or made any response whatsoever.

Finally, this Court issued a Show Cause Order on January 10, 2022 due to the parties' failure to file a proposed pretrial order [Doc. 180]. Plaintiff's counsel began preparation of a Response as directed by the Court, and seeking to enforce the Memorandum, since Defendants had refused to finalize the formal settlement document.

On January 14, Zachary Smith, counsel for individual Defendant Behnamiri, contacted Plaintiff's counsel to inform him that the agreement was being executed and that the settlement funds were available for payment. Plaintiff's counsel inquired about the reason for the inordinate delay and Ms. Gaddis' failure to communicate, but received no explanation. As is her wont, Ms. Gaddis failed to respond, to apologize, or offer any explanation whatsoever.

## ARGUMENT AND CITATION OF AUTHORITY

### A. SANCTIONS SHOULD BE IMPOSED FOR REPEATED UNPROFESSIONAL CONDUCT BY MS. SPEIGHTS

Ms. Speights should be sanctioned for several reasons. Her actions in failing to cooperate in a professional manner in the formal preparation and execution of a settlement document directly caused the parties to violate the Court's Order

and has delayed resolution of this case. This Court was forced to waste time and resources in issuing and deciding the Show Cause Order due to Ms. Speights' lack of professionalism and/or competence, and Plaintiff's counsel was forced to expend unnecessary time to respond to this Court's Order.

Unfortunately, this is not the only example of unprofessional and unethical conduct by Ms. Speights. Throughout this litigation, she has regularly failed to communicate and respond to counsel as needed to efficiently conduct litigation. *See Ga. Rules of Professional Conduct 3.2* ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.") For example, Plaintiff's counsel sent an email to Ms. Speights on June 23, 2020 regarding several disputed discovery matters. Ms. Speights first promised a substantive response in two weeks, but provided none. Plaintiff's counsel followed up twice, and she again promised a timely response, but more than a month later had made no response at all.

Further, Ms. Speights misrepresented facts to this tribunal which resulted in errors in the Magistrate's Report and Recommendation, requiring this Court's attention and time to sort through the record to determine the actual facts. *Ga. Rules of Professional Conduct 3.3(a)* ("A lawyer shall not knowingly: make a false statement of material fact or law to a tribunal.")

In the corporate defendants' summary judgment brief, Ms. Speights repeatedly—and falsely—asserted that it was undisputed that the sexual harassment of Plaintiff by Mr. Behnamiri ended in 2017:

- "Plaintiff acknowledges that the last sexual overture by Mr. Behnamiri was in 2017." *Corporate Defendants' Brief, pp. 6, 7* [Doc. 116-1].
- "Ms. Donovan presented no testimony to demonstrate that the alleged harassment occurred past 2017." *Corporate Defendants' Brief, pp. 6, 8.*
- "She alleges that the last time the conduct occurred was in 2017." *Corporate Defendants' Brief, p. 14.*

Of course, on review, this Court found significant evidence of sexual harassment in 2018 supporting a timely claim. [Doc. 177 at 40-43].

It would have been a valid argument to assert that Plaintiff identified no specific date that harassment occurred in 2018; however, it was misleading and false to state that Plaintiff admitted the harassment ended in 2017.

It appears that Ms. Speights intentionally attempted to create this "undisputed" fact through misleading questioning during Plaintiff's deposition, which she then cited out of context. Ms. Speights only cited the first sentence in a passage of testimony (*Plaintiff's Depo. p. 207*), but intentionally omitted Plaintiff's

explanation immediately thereafter, attempting to mislead the Court about the true nature of her testimony.

> Q. So earlier whenever you went through some of the incidents that happened -- you said the last incident occurred in 2017; right?
>
> A. **Yes.** *(Plaintiff's Depo., p. 207).*
>
> Q. So was that the incident in the Towne Lake location?
>
> **A. No that was the last incident in his car, that I ever got in his car again.** *(Plaintiff's Depo., pp. 207-8).*

Ms. Speights made a similar misstatement of fact (among others) in urging summary judgment on the battery claim due to expiration of the statute of limitations. Ms. Speights asserted, "Plaintiff has produced no evidence and pointed to facts [sic] that support a showing of conduct occurring after June 14, 2017, which is the applicable statute of limitations." [Doc. 116-1]. This is another false statement of fact, as shown above. The Court found Plaintiff "testified that Mr. Behnamiri harassed her (grabbed her face, cupped her face in his hands, kissed her on the mouth…)'for the most part' every time her came into the bar." *Order* [Doc. 177 at 41]. Further, Ms. Speights cited to no authority suggesting that a defendant can prevail on a statute of limitations defense when the dates of the battery are disputed, since, obviously, there is none.

Just because record evidence is unhelpful to her does not mean that Ms. Speights is free to affirmatively assert to the Court that the evidence <u>does not exist</u>. Ms. Speights apparently does not appreciate the distinction between presenting the evidence in a light most favorable to one's client and intentionally lying to the Court. Her unprofessional and unethical tactics unnecessarily extended the litigation. *See Pesaplastic CA v. Cincinnati Milacron,* 799 F.2d 1510, 1522-23 (11th Cir. 1986)("Our judicial machinery is dependent upon the full support of all members of the bench and bar. Advocacy does not include 'game playing.'")

This Court has inherent power to sanction litigation misconduct. The key to the Court's inherent power is a finding of bad faith. "A party demonstrates bad faith by, *inter alia,* delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians LLC v. SRG Consulting,* 561 F.3d 1298, 1306 (11th Cir. 2009). Here, the parties violated the pretrial order deadline solely due to defense counsel Speights' intentional delay and gamesmanship. Ms. Speights has also disrupted and delayed the litigation by repeatedly misstating record evidence.

Plaintiff respectfully requests the following:

(a) That corporate Defendants and/or Speights be required to pay a monetary penalty;

(b) That corporate Defendants be ordered to reimburse Plaintiff's attorneys' fees incurred in responding to the Court's Show Cause Order;

(c) That Ms. Speights be ordered to receive additional training in Professionalism and Ethics; and

(d) For such other sanctions as this Court deems proper.

Respectfully submitted,

                                             THE GUNN LAW FIRM LLC

                                             */s/ E. Linwood Gunn, IV*
                                             E. Linwood Gunn, IV
                                             Georgia State Bar No. 315265
                                             244 Roswell Street, Suite 100
                                             Marietta, Georgia 30060
                                             407-508-0020
                                             elg@atldiscriminationlawyers.com

                                             *Counsel for Plaintiff*

## **CERTIFICATION UNDER L.R. 7.1D**

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 20th day of January 2022.

                                                */s/ E. Linwood Gunn, IV*
                                                E. Linwood Gunn, IV
                                                Georgia State Bar No. 315265
                                                Attorney for Plaintiff

THE GUNN LAW FIRM LLC
244 Roswell Street, Suite 100
Marietta, GA 30060
Phone:       470.508.0020
Email:        elg@atldiscriminationlawyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this date, I filed *Plaintiff's Motion for Sanctions and Brief in Support* via the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Amanda Speights
amanda@speightslaw.com


J. Daran Burns
dburns@burnslawgroup.com

Zachary Holman Smith
zsmith@burnslawgroup.com

This 20th day of January 2022.

                                                                /s/ E. Linwood Gunn, IV
                                                                E. Linwood Gunn, IV
                                                                Georgia Bar No. 315265
                                                                *Attorney for Plaintiff,*
                                                                *Shalee Balius-Donovan*

THE GUNN LAW FIRM LLC
244 Roswell Street, Suite 100
Marietta, GA 30060
Phone:       470.508.0020
Email:        elg@atldiscriminationlawyers.com